**Robert CAMARANO, Petitioner,**

v.

**Frank IRVIN, Superintendent, Wende Correctional Facility, Respondent.**

Docket No. 96–3502.

United States Court of Appeals, Second Circuit.

Submitted Sept. 24, 1996.

Decided Oct. 22, 1996.

Robert Camarano, Beacon, NY, pro se.

Marc F. Scholl, Assistant District Attorney, New York County, New York City (Robert M. Morgenthau, District Attorney, New York County, of counsel), for Respondent.

Before: LUMBARD, FEINBERG, and WALKER, Circuit Judges.

PER CURIAM:

Petitioner pro se Robert Camarano moved for authorization from this court to file a second or successive petition for writ of habeas corpus in the district court pursuant to 28 U.S.C. § 2244. We address for the first time the question of whether the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, Title I, § 106, 110 Stat. 1214, 1220–21 (1996) [hereinafter "AEDPA"], require a pe-

---

titioner to seek authorization from the court of appeals to file a petition for writ of habeas corpus after a prior petition is dismissed without prejudice for failure to exhaust state remedies. We hold that no such authorization is required.

## BACKGROUND

In May 1990, Robert Camarano filed his first petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Southern District of New York (Robert B. Patterson, *District Judge*) challenging his 1983 New York County conviction on three counts of firearm possession and three counts of attempted sale of a firearm. The petition raised several grounds, including some that had not been exhausted in state court. The district court dismissed the petition for failure to exhaust state remedies without prejudice to refiling. This court affirmed. *Camarano v. Irvin*, No. 95–2096 (2d Cir. Sept. 27, 1995).

On September 6, 1996, having exhausted available state remedies, Camarano filed this motion for authorization to file a second or successive habeas petition in the district court pursuant to 28 U.S.C. § 2244, as amended by the AEDPA.

## DISCUSSION

The AEDPA amended § 2244 to provide, in relevant part, the following:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previous-

ly through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

In addition, the AEDPA assigns a gatekeeping function to the court of appeals. Specifically, the AEDPA amendments require a petitioner to apply in the first instance to the court of appeals for authorization to file a second or successive application in the district court. 28 U.S.C. § 2244(b)(3)(A). The AEDPA directs the court of appeals to grant this authorization only if the applicant makes a prima facie showing that the application satisfies the requirements for second or successive applications. 28 U.S.C. § 2244(b)(3)(C). The decision to grant or deny authorization is not appealable. 28 U.S.C. § 2244(b)(3)(E).

The Supreme Court, in *Felker v. Turpin*, —— U.S. ——, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996), recently upheld these new gatekeeping provisions which it believed to be within the mainstream of the evolving jurisprudence designed to curb abuse of the writ.

The new restrictions on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice "abuse of the writ." In *McCleskey v. Zant*, we said that "the doctrine of abuse of the writ refers to a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions." The added restrictions which the Act places on second habeas petitions are well within the compass of this evolutionary process, and we hold that they do not amount to a "suspension" of the writ contrary to Article I, § 9.

*Id.* at ——, 116 S.Ct. at 2340 (citations omitted).

■ Although the AEDPA mandates these specific gatekeeping procedures for the adjudication of second or successive applications, it does not define what is meant by a "second

or successive" application. The issue presented by this motion is whether a habeas petition qualifies as a "second or successive" application within the meaning of § 2244, where it is filed after a prior petition is dismissed without prejudice for failure to exhaust state remedies.

Respondent urges us to interpret the language of the AEDPA amendments to bar a habeas petitioner from repeating any claims, even if previously unexhausted. This argument finds some support in the language of § 2244 as amended. Prior to the AEDPA amendments, § 2244 explicitly cabined a district court's power to refuse to entertain a petitioner's claim; a district court could refuse to hear a claim for relief only if it had been presented in a prior habeas petition and adjudicated "on the merits." 28 U.S.C. § 2244(b) (1996). In amending § 2244, Congress omitted this language.

Nonetheless, because application of the gatekeeping provisions to deny a resubmitted petition in cases such as this would effectively preclude any federal habeas review and thus, would conflict with the doctrine of writ abuse, as understood both before and after *Felker*, we reject respondent's proposed interpretation of amended § 2244 absent more direct evidence of Congress's intent. Respondent's proposed interpretation, far from falling "well within the compass" of the evolving doctrine of abuse of the writ, as stated in *Felker*, would unjustifiably deviate from that evolution. —— U.S. at ——, 116 S.Ct. at 2340.

Prior to the AEDPA amendments, a petition filed after a previously submitted petition was dismissed without prejudice was not considered an abuse of the writ. The abuse of the writ doctrine is rooted in the need for finality and concerns of comity, *McCleskey v. Zant*, 499 U.S. 467, 491–92, 111 S.Ct. 1454, 1469, 113 L.Ed.2d 517 (1991); however, neither concern is implicated when a petition is filed after a prior petition is dismissed without prejudice for failure to exhaust state remedies. *See Sanders v. United States*, 373 U.S. 1, 17, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148 (1963) (holding that the doctrine of writ abuse is not implicated "if the same ground was earlier presented but not adjudicated on the merits"). In fact, dismissal without prejudice of an entire petition, including exhausted claims, for failure to exhaust certain claims promotes the policies underlying the doctrine. It serves the interest in finality by discouraging piecemeal litigation and encouraging petitioners first to exhaust their state remedies and then to "present the federal court with a single habeas petition." *Rose v. Lundy*, 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982). In addition, encouraging petitioners to exhaust their state remedies prior to seeking federal court review promotes harmony between federal and state courts by allowing state courts to examine state convictions and correct constitutional errors, in the first instance.

Although this circuit has never addressed the issue directly, other circuits have concluded that, at least prior to the AEDPA amendments, a refiled petition, following the dismissal of a prior petition without prejudice, is not an abuse of the writ. *See e.g., Woods v. Whitley*, 933 F.2d 321, 322 n. 1 (5th Cir.1991); *Hamilton v. Vasquez*, 882 F.2d 1469, 1473 (9th Cir.1989); *Jones v. Estelle*, 722 F.2d 159, 168 (5th Cir.1983) (en banc), *cert. denied*, 466 U.S. 976, 104 S.Ct. 2356, 80 L.Ed.2d 829 (1984). When a petition is dismissed without prejudice for failure to exhaust, there is no federal adjudication on the merits. To foreclose further habeas review in such cases would not curb abuses of the writ, but rather would bar federal habeas review altogether. Although Congress plainly intended the AEDPA amendments to work significant procedural changes in habeas corpus review, nothing in the legislative history or *Felker* suggests that Congress wished to depart from the longstanding and widely accepted rule discussed above, that no barrier to habeas review arises from the dismissal of a petition on procedural grounds without prejudice to refiling.

■ Our interpretation of "second or successive" petitions in § 2244 also finds support in the jurisprudence of claim preclusion.

*See Felker,* —— U.S. at ——, 116 S.Ct. at 2340 (noting that the new gatekeeping restrictions are a "modified res judicata rule"). It is well established that a dismissal without prejudice has no res judicata effect on a subsequent claim. 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2367 (1981); *see e.g., Arnold Graphics Indus., Inc. v. Independent Agent Ctr., Inc.,* 775 F.2d 38, 41 (2d Cir.1985). Inasmuch as the new gatekeeping provisions are rooted in the writ abuse doctrine which is itself " 'a qualified application of the doctrine of res judicata,' " *McCleskey,* 499 U.S. at 486, 111 S.Ct. at 1466 (quoting S.Rep. No. 1797, 89th Cong., 2d Sess. 2 (1966), *reprinted in* 1966 U.S.C.C.A.N. 3663, 3664), a dismissal without prejudice can have no preclusive effect on subsequent petitions. Indeed, the phrase "without prejudice" would be devoid of its meaning under any other construction of the amended § 2244.

We, therefore, hold that a petition filed after a prior petition is dismissed without prejudice for failure to exhaust state remedies is not a "second or successive" petition within the meaning of § 2244.

## CONCLUSION

For the foregoing reasons, we dismiss as unnecessary the petitioner's motion for authorization to file a petition for writ of habeas corpus in the district court. Petitioner may file his petition with the district court directly.