**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 97-6674**

EPHRAIN RELIFORD, JR.,

                                    Petitioner - Appellant,

        versus

MICHAEL MOORE, Director of SCDC; ATTORNEY
GENERAL OF THE STATE OF SOUTH CAROLINA,

                                    Respondents - Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Joseph F. Anderson, Jr., District
Judge.  (CA-97-887-3-17BC)

Submitted:  September 11, 1997      Decided:  October 17, 1997

Before RUSSELL, MURNAGHAN, and HAMILTON, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Ephrain Reliford, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Appellant appeals the district court's order denying relief on his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 1997). We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we deny a certificate of appealability and dismiss the appeal substantially on the reasoning of the district court.[*] Reliford v. Attorney General of South Carolina, No. CA-97-887-3-17BC (D.S.C. May 2, 1997). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] We note that Appellant need not seek authorization from this Court under 28 U.S.C.A. § 2244 (West Supp. 1997) but rather should exhaust his state court remedies. See In re Vial, 115 F.3d 1192, 1194 n.6 (4th Cir. 1997) (citing Benton v. Washington, 106 F.3d 162, 164 (7th Cir. 1996) (stating that when a § 2254 petition is dismissed for failure to exhaust state court remedies, courts do not treat a subsequent petition, after exhaustion, as "a second petition" under Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts); Camarano v. Irvin, 98 F.3d 44, 46-47 (2d Cir. 1996) (holding that a petition filed after a prior petition was dismissed for failure to exhaust state court remedies is not a "`second or successive' petition within the meaning of § 2244.")).