Gennaro **GALTIERI**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

Docket No. 97–3593.

United States Court of Appeals,
Second Circuit.

Submitted Sept. 10, 1997.

Decided Sept. 15, 1997.

Opinion Filed Oct. 20, 1997.

Gennaro Galtieri, Manchester, KY, submitted a pro se brief.

Before: WINTER, Chief Judge, NEWMAN, Circuit Judge, and CEDARBAUM,*

---

* Honorable Miriam Goldman Cedarbaum, of the United States District Court for the Southern District of New York, sitting by designation.

JON O. NEWMAN, Circuit Judge:

This motion by Gennaro Galtieri for leave to file a second habeas corpus petition raises what seems at first glance to be an easy question: when is a petition "second or successive" within the meaning of sections 105 and 106(b) of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, 1220–21(1996). Unfortunately, as with many legal questions, the answer is: "It depends." In this case, we conclude that, after a first habeas petition has resulted in an amended sentence, a second habeas petition challenging only the undisturbed underlying conviction and the unamended components of the sentence is a "second" petition for purposes of section 106(b). Since the pending petition does not meet the rigorous standards for filing a second (or successive) petition, we deny Galtieri's motion. We also take this occasion to discuss this Court's procedure with respect to the 30–day time limit for disposition of motions to file second (or successive) petitions.

### Background

Galtieri was found guilty in 1989 of federal narcotics offenses and sentenced by the District Court for the Southern District of New York to a prison term of 156 months, followed by a lifetime term of supervised release. We affirmed. *See United States v. Galtieri*, 916 F.2d 708 (2d Cir.1990) (mem.). In 1992, Galtieri filed a motion under 28 U.S.C. § 2255 to vacate his sentence on various grounds, including a claim that a lifetime term of supervised release was unlawful. *See* 18 U.S.C. § 3583(b)(1) (limiting term of supervised release for Class A or B felony to five years). The District Court upheld the supervised release claim and reduced the term of supervised release to five years. The Court rejected all of Galtieri's other claims as procedurally barred and without merit. *See United States v. Galtieri*, Nos. 88 Cr. 891, 92 Civ. 2087, 1992 WL 245499 (S.D.N.Y. Sept. 17, 1992). We affirmed.

*Galtieri v. United States*, 999 F.2d 537 (2d Cir.1993) (mem.).

Galtieri filed the pending section 2255 motion in the District Court on June 26, 1997, making two claims attacking his conviction and two claims attacking his sentence, each of which we detail below. On the same day, the District Court transferred the motion to this Court, pursuant to the procedure established in *Liriano v. United States*, 95 F.3d 119 (2d Cir.1996). On July 2, pursuant to the *Liriano* procedure, this Court advised Galtieri that he had 45 days to file with this Court papers demonstrating his entitlement to file a second habeas petition. *See id.* at 123. Galtieri filed responsive papers on August 15. Endeavoring to comply with the 30–day time limit of section 106(b), 28 U.S.C.A. § 2244(b)(3)(D) (West Supp.1997), we filed an order denying Galtieri's motion on September 15, and now file this opinion explaining our decision.

### Discussion

The AEDPA assigns to the courts of appeals a gate-keeping function with respect to "second or successive" (hereafter "second") applications for habeas corpus filed pursuant to 28 U.S.C. § 2254 (challenges to state court convictions), *see* AEDPA § 106(b), 28 U.S.C.A. § 2244(b)(3) (West Supp.1997), or pursuant to 28 U.S.C. § 2255 (challenges to federal court convictions), *see* AEDPA § 105, 28 U.S.C.A. § 2255 (eighth undesignated paragraph) (West Supp.1997). A second section 2255 motion may be certified for filing in a district court only if it contains:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Id.* This standard, and a slightly different standard applicable to second 2254 petitions,[1]

---

1. Claims presented in a second petition under 28 U.S.C. § 2254 that were presented in a prior petition must be dismissed, 28 U.S.C.A.

§ 2244(b)(1) (West Supp.1997), and claims not previously presented must be dismissed unless

impose limitations more rigorous than prior law.[2]

In considering Galtieri's motion to file a section 2255 petition, we face three issues: (1) a preliminary matter concerning the Act's 30–day time limit, (2) whether the petition is a "second" petition, and (3) if so, whether it meets the criteria of section 105. In the ensuing discussion, we will standardize the terminology by using "motion" to refer to the document requesting this Court's permission to file for collateral relief in the District Court, "petition" to refer to the document sought to be filed in the District Court, whether under section 2254 or section 2255, and "habeas" to refer to collateral relief, whether seeking conditional release from custody under section 2254 or to vacate a sentence under section 2255.[3]

■ 1. *30–day Time Limit.* Section 106(b), 28 U.S.C.A. § 2244(b)(3)(D) (West Supp.1997), provides:

> The Court of Appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

Section 105 specifies that a second section 2255 petition must be certified "as provided in section 2244," 28 U.S.C.A. § 2255 (West Supp.1997), and we have ruled that the cross-reference to section 2244, which applies to section 2254 petitions, renders the 30–day limit applicable to motions to file second section 2255 petitions. *See Triestman v. United States,* 124 F.3d 361, 367 (2d Cir.1997). Since the panel that decided *Triestman* filed

its order denying the petitioner's motion within 30 days of its filing, it had no occasion to consider how strictly the 30–day limit must be applied in the variety of situations that might confront a court of appeals. The panel recognized, however, that the time limit provision must be applied with some flexibility, and achieved that flexibility in *Triestman* by immediately staying its mandate, ordering a rehearing *sua sponte,* requesting briefs on the substantial and novel issues raised by the motion, and ultimately filing its opinion 13 months after the motion had been filed.

Other courts have also recognized that the 30–day requirement should be applied flexibly. The Fourth Circuit, deeming an issue presented by a motion to file a second section 2255 petition important enough to warrant an in banc hearing, decided the motion nine months after the motion was filed. *See In re Vial,* 115 F.3d 1192, 1194 n. 3 (4th Cir.1997). The Sixth Circuit has administratively adopted a procedure whereby the Court requests a response, a staff attorney prepares a memorandum, and the 30–day clock does not start running until the motion is submitted to the motions panel. *See In re Sims,* 111 F.3d 45, 48 n. 1 (6th Cir.1997).

Though Congress understandably prefers that motions to file second habeas petitions be adjudicated expeditiously, some flexibility must be accepted to accommodate the variety of procedural contexts in which such motions are presented. For example, a motion might

---

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id.* § 2244(b)(2) (West Supp.1997).

**2.** Rule 9(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.

Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts is similar.

**3.** 28 U.S.C. § 2254 refers to the document that seeks relief from a state court conviction as an "application" for a writ of habeas corpus to challenge custody pursuant to a state court judgment, and 28 U.S.C. § 2255 refers to the document that seeks relief from a federal court conviction as a "motion" to vacate a sentence.

arrive with insufficient papers to enable the Court of Appeals to determine whether a prior section 2254 petition was adjudicated on the merits or dismissed for lack of exhaustion, in which event a motion to file a "second" petition is unnecessary, *see Camarano v. Irvin*, 98 F.3d 44, 46 (2d Cir.1996) (motion to file "second" petition not necessary after first petition dismissed for lack of exhaustion). Some interval might be required to obtain the records needed for such a determination. Or, as in *Liriano*, a prisoner's second petition, improperly filed in the District Court, might be referred to this Court in the absence of a motion for leave to file, in which event our Court affords the petitioner 45 days to file a proper motion. Or, since a claim based on newly discovered evidence that would preclude a finding of guilt will normally require examining the trial record in order to consider the new evidence "in light of the evidence as whole," 28 U.S.C. § 2255 (eighth undesignated paragraph), some interval might be required to obtain the trial transcript. In all of these circumstances, the 30–day clock cannot realistically start until the papers that the Court requires to adjudicate the motion have been filed with the Court of Appeals. In addition, as the Fourth Circuit recognized in *Vial*, on rare occasions the issue posed by a motion will require extended consideration that cannot be concluded within 30 days.

In nearly all cases, assessing the motion to file a second habeas petition against the strict statutory criteria will be a relatively straightforward task that can be accomplished within 30 days. In the few instances where that cannot be done, however, either because the necessary documents cannot be readily assembled, or, even with such documents, the issue posed is of such difficulty that it cannot be readily adjudicated, we do not think that Congress wanted courts to forgo reasoned adjudication.

■ In our initial exercise of the new gate-keeping function, this Court has tried to comply with the 30–day limit by adjudicating the motion within 30 days and then staying the mandate and rehearing the motion, as in *Triestman*, or by filing a denial order within 30 days and later issuing an opinion, as in the pending case. Reflecting on our initial experience with the new statute, we now conclude that an additional approach, which might be preferable, is to (1) start the 30–day clock when the motion, and all papers required for a reasoned decision, including the transcript where necessary, have been filed with the Court of Appeals, (2) adjudicate the motion within 30 days in the general run of matters, and (3) exceed the 30–day limit only where an issue requires a published opinion that cannot reasonably be prepared within 30 days, consistent with the Court's other obligations.[4]

■ 2. *Is the Petition a "Second" Petition?* The AEDPA does not define "second or successive motion" in section 105 (section 2255) or "second or successive habeas corpus application" in section 106(b) (section 2254) perhaps because Congress assumed that any petition for habeas relief that is filed after a prior one would be considered "second or successive." This case demonstrates that such a seemingly self-evident reading of the statute would not always be correct, and would in fact undermine the very purpose Congress sought to achieve in limiting second or successive motions and applications. Galtieri's first 2255 petition was successful and resulted in a modification of his sentence. His second 2255 petition, strictly speaking, seeks to vacate the *amended* sentence, and, still strictly speaking, could be considered a first 2255 petition to vacate the amended sentence. That approach, however, would permit every defendant who succeeds in having any component of his sentence modified to bring a renewed challenge to his conviction and to the unamended components of his original sentence, raising grounds that were either available for presentation on the first petition or even specifically rejected on that petition. Congress, in enacting sections 105 and 106(b) to sharply restrict repetitive habeas petitions, could not have wanted such an indulgent result.

We therefore conclude that whenever a first 2255 petition succeeds in having a sentence amended, a subsequent 2255 petition

**4.** This section of this opinion has been circulated to all of the active judges of this Court.

will be regarded as a "first" petition only to the extent that it seeks to vacate the new, amended component of the sentence, and will be regarded as a "second" petition to the extent that it challenges the underlying conviction or seeks to vacate any component of the original sentence that was not amended. In the pending matter, the only component of the original sentence modified by the granting of the first 2255 petition was the term of supervised release, which was reduced from a life term to five years. No claim in Galtieri's current 2255 petition challenges the new five year term of supervised release. All of his claims concern either the conviction or the unamended components of his sentence. The current petition will therefore be treated in its entirety as a "second" petition for purposes of section 105.

3. *Does the Second Petition Meet the Statutory Criteria?* Galtieri's second 2255 petition makes four claims: (1) the prosecutor knowingly presented false testimony, (2) the prosecutor withheld exculpatory evidence, (3) he was wrongly denied an acceptance of responsibility reduction in his offense level, and (4) the drug quantity on which his offense level was calculated was incorrectly determined.

■ The first claim concerns the transcript of a taped conversation between two of Galtieri's co-conspirators, Modica and Kakar. Galtieri claims that the transcript falsely inserts his name at one point, a claim he bases on the absence of his name from a transcript of the same conversation offered at Modica's trial. Since the Modica trial occurred in 1989 and Galtieri's first 2255 petition was filed in 1992, Galtieri has failed to show that this evidence was not reasonably discoverable at the time of the prior petition. In any event, the absence of Galtieri's name from the transcript, even if established, would not meet the strict standard of precluding a finding of guilt.

■ The second claim concerns the withholding of the transcripts of recorded telephone calls just before and after drug transactions. The Government introduced Pen Register records to show that the calls were between the phone numbers of Galtieri and Modica. Galtieri now contends that the transcripts would show that the person speaking with Modica was Galtieri's wife. That circumstance was available to be presented by Galtieri at trial, and, in any event, does not remotely preclude a finding of guilt.

The two sentencing claims do not purport to meet the statutory standard concerning a finding of guilt, and none of the four claims purports to meet the alternative standard concerning a new, retroactive rule of constitutional law.

### Conclusion

For the foregoing reasons, we have denied the motion for leave to file a second petition under 28 U.S.C. § 2255.