**Anthony ESPOSITO, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 97–3573.**

United States Court of Appeals, Second Circuit.

Submitted July 23, 1997.

Decided Nov. 21, 1997.

Anthony Esposito, White Deer, PA, pro se.

Thomas J. Maroney, United States Attorney, Northern District of New York, Thomas Spina, Jr., Assistant United States Attorney, Albany, N.Y. for Respondent.

Before: JACOBS, LEVAL and CALABRESI, Circuit Judges.

PER CURIAM:

Anthony Esposito, a federal prisoner appearing *pro se,* moved for leave to file a second habeas corpus petition pursuant to 28 U.S.C. § 2255, and we have dismissed that motion as unnecessary (with opinion to follow). We hold that Esposito's petition was not "second or successive" within the meaning of sections 105 and 106(b) of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, 1220–21 (1996), because his original sentence was vacated as a result of Esposito's first petition, and the pending petition challenges only the aspects of the sentence that were amended by the new judgment.[1]

---

**1.** Consistent with the terminology in *Galtieri v.*     *United States,* 128 F.3d 33, 35–36 (2d Cir.1997),

*Background*

Esposito pleaded guilty in 1991 to conspiring to manufacture, to possess with intent to distribute, and to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) and 846, and was sentenced to imprisonment for 250 months. This Court dismissed Esposito's direct appeal on the ground that it was untimely, but in so doing we noted that Esposito could nevertheless move for resentencing under section 2255 on the ground that he had not been advised of his right to appeal at the original sentencing pursuant to Fed.R.Crim.P. 32(a)(2). *United States v. Ferraro,* 992 F.2d 10, 12 (2d Cir. 1993).

Esposito presented that argument in his first petition pursuant to 28 U.S.C. § 2255 in September 1993. The United States District Court for the Northern District of New York granted the petition and ordered resentencing. *Esposito v. United States,* No. 90–cr–169, 1993 WL 513292 (N.D.N.Y. Dec. 9, 1993).

At his resentencing in May 1994, Esposito attempted to raise new arguments concerning the calculation of his Guidelines range, which Chief Judge McAvoy declined to consider. The district court imposed the same 250 month sentence, gave proper notice of the right to appeal, and entered the amended judgment on May 5, 1994. Upon a further reconsideration of Esposito's sentence on June 24, 1994, the district court reduced it to 220 months. This Court affirmed that sentence, concluding (*inter alia*) that the failure of the court to consider explicitly the purity of the methamphetamine in calculating the sentencing range did not constitute plain error. *United States v. Esposito,* 47 F.3d 1157 (2d Cir.) (unpublished table decision), *cert. denied,* 514 U.S. 1133, 115 S.Ct. 2014, 131 L.Ed.2d 1012 (1995).

The present section 2255 motion was filed in the district court in July 1996. In it, Esposito argues that his June 1994 sentence was imposed in violation of his rights to due process and effective assistance of counsel.

"petition" refers to the document seeking collateral relief, filed pursuant to 28 U.S.C. § 2254 or 28 U.S.C. § 2255; "motion" refers to the document seeking this Court's permission to file a

The basis of Esposito's due process claim is that the court failed to distinguish between pure "d-methamphetamine" and non-pure "l-methamphetamine" when it sentenced him on the narcotics charge, with the result that the court selected a base offense level of 34 (d-methamphetamine) instead of a level of 28 (l-methamphetamine). He also argues that his counsel was ineffective for failing to raise this issue at sentencing.

The district court held that the petition was a "second" petition under 28 U.S.C. § 2255 and transferred it to this Court in accordance with the procedures in *Liriano v. United States,* 95 F.3d 119 (2d Cir.1996). On July 1, 1997, Esposito moved for an order authorizing the consideration of his second section 2255 petition, which we subsequently denied as unnecessary on the ground that the section 2255 petition was not "second or successive" to any previously filed section 2255 petition. This opinion explains that order.

*Discussion*

The AEDPA amended the habeas statutes to provide that a petitioner seeking to file a "second or successive" habeas petition in the district court must first apply to the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* AEDPA § 106(b), 28 U.S.C. § 2244(b)(3)(A) (West Supp.1997); AEDPA § 105, 28 U.S.C. § 2255 para. 7 (West Supp. 1997). The circuit court's role as gatekeeper is to certify only the "second or successive" section 2255 petitions that contain

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by

second or successive petition in district court; and "habeas" refers to collateral relief either under § 2254 or § 2255.

the Supreme Court, that was previously unavailable.[2]

AEDPA § 105, 28 U.S.C. § 2255 (West Supp. 1997). As we noted in *Camarano v. Irvin*, 98 F.3d 44 (2d Cir.1996) (per curiam), the Supreme Court in *Felker v. Turpin*, 518 U.S. 651, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996), "upheld these new gatekeeping provisions which it believed to be within the mainstream of the evolving jurisprudence designed to curb abuse of the writ." *Camarano*, 98 F.3d at 45.

Although the AEDPA sets standards for the authorization of second or successive applications, it does not provide a definition of the phrase "second or successive".[3] *Id.* at 45–46. Generally, we look to "abuse of the writ" jurisprudence to inform that wording. Prior to the AEDPA, there were at least two situations in which courts ruled that a second petition was not "successive" and on that basis found no abuse of the writ. First, there was no abuse of the writ when the federal court denied the earlier petition without prejudice. *See, e.g., Sanders v. United States*, 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963) (denial of prior petition has controlling weight only if prior determination was on the merits); *Camarano*, 98 F.3d at 46 (listing other circuit court cases finding that "a refiled petition, following the dismissal of a prior petition without prejudice, is not an abuse of the writ"). In *Camarano*, we decided that that rule applies to the AEDPA's strictures on successive petitions. *Camarano*, 98 F.3d at 47 (no "second or successive" petition within the meaning of § 2244 where earlier petition dismissed without prejudice for failing to exhaust state remedies). We arrived at that conclusion because, although Congress plainly intended the AEDPA amendments to work significant procedural changes in habeas corpus review, nothing in the legislative history of the AEDPA or the Supreme Court's *Felker* decision upholding the AEDPA's successive petition provisions "suggests that Congress wished to

depart from the longstanding and widely accepted rule" that the dismissal of a petition without prejudice is no bar to refiling. *Id.* at 46.

Second, pre-AEDPA decisions found no abuse of the writ when the two petitions attacked different criminal judgments. *See Palmer v. Clarke*, 961 F.2d 771, 774–75 (8th Cir.1992) (no "successive" petition where first petition challenged order for second retrial and second petition challenged judgment of conviction and sentence at third trial). As in *Camarano*, there is no indication that Congress intended to depart from that rule with the passage of the AEDPA. It is therefore significant that Esposito's current petition seeks—for the first time—collateral review of the new sentence in the new judgment of conviction.

Not every habeas petition that attacks a new and amended judgment is saved from the AEDPA's bar on "second or successive" petitions. We recently decided in *Galtieri v. United States*, 128 F.3d 33 (2d Cir.1997), that

> whenever a first 2255 petition succeeds in having a sentence amended, a subsequent 2255 petition will be regarded as a "first" petition only to the extent that it seeks to vacate the new, amended component of the sentence, and will be regarded as a "second" petition to the extent that it challenges the underlying conviction or seeks to vacate any component of the original sentence that was not amended.

*Id.* at 37–38. Galtieri's section 2255 petition was a "second" petition even though Galtieri's first section 2255 petition succeeded in amending the supervised release component of his original sentence, because the later petition raised no challenge to the new supervised release term and concerned instead the conviction and the components of his sentence that were not amended. *Id.*

Procedurally, the present case is the obverse of *Galtieri*, because Esposito's current section 2255 petition seeks to vacate his new

---

2. The standard for authorizing § 2254 petitions differs slightly from the § 2255 standard. *See* AEDPA § 106, 28 U.S.C. § 2244(b)(2) (West Supp.1997).

3. Prior to the AEDPA, the Supreme Court had distinguished between successive and abusive petitions. *See Schlup v. Delo*, 513 U.S. 298, 319 n. 34, 115 S.Ct. 851, 863 n. 34, 130 L.Ed.2d 808 (1995). The AEDPA, however, refers to all petitions after the first as "second or successive."

sentence on grounds opened by the resentencing. Under *Galtieri*, therefore, Esposito's pending section 2255 petition is not a "second or successive" petition for purposes of the gatekeeping requirements of the AEDPA. Therefore, no authorization by this Court is required. We transfer the petition back to the district court for further proceedings.