Elery THOMAS, Petitioner,

v.

**SUPERINTENDENT/WOODBOURNE CORR. FACILITY, Respondent.**

No. 97–3578.

United States Court of Appeals, Second Circuit.

Submitted July 23, 1997.

Decided Nov. 21, 1997.

Elery Thomas, Woodbourne, NY, pro se Petitioner.

Dennis G. Vacco, Department of Law, New York City, for Respondent.

Before: JACOBS, LEVAL and CALABRESI, C.J.

PER CURIAM:

On June 9, 1997, Elery Thomas, *pro se,* filed a petition for habeas corpus in district court pursuant to 28 U.S.C. § 2254, attacking his 1977 conviction for murder and weapons possession. *See People v. Thomas,* 50 N.Y.2d 467, 429 N.Y.S.2d 584, 407 N.E.2d 430(1980). The United States District Court for the Southern District of New York (Griesa, C.J.) found that Thomas had filed a prior section 2254 petition, directed him to file in this Court a motion for authorization to file a successive petition, and transferred the petition here pursuant to *Liriano v. United States,* 95 F.3d 119 (2d Cir.1996).[1] The form used by this Court to facilitate the preparation of such motions asks whether the petitioner has previously filed a petition attacking the conviction and sentence at issue in the authorization motion: space is afforded for a mark next to the word "Yes" or "No." Those who mark "Yes" are further required to provide information as to (*inter alia*) the claims previously presented and the general result. Thomas marked "No." Thus Thomas has represented that he never filed a prior petition attacking his 1977 conviction. The district court's transfer order, which does not state whether the prior petition attacked the same conviction at issue in this petition (or whether the prior petition was dismissed on the merits or on other grounds such as fail-

ure to exhaust state remedies), does not categorically defeat Thomas's representation.

On August 22, 1997, we issued an order denying Thomas's motion without prejudice and remanding the motion to the district court for inquiry and fact-finding as to whether the proposed petition is second or successive. This opinion explains that order.

Thomas was sentenced to a prison term of 25 years to life on his 1977 conviction. His direct appeal was ultimately unsuccessful. *People v. Thomas,* 71 A.D.2d 280, 422 N.Y.S.2d 394 (1st Dep't 1979) (reversing trial court conviction); *People v. Thomas,* 50 N.Y.2d 467, 429 N.Y.S.2d 584, 407 N.E.2d 430 (1980) (reversing Appellate Division); *People v. Thomas,* 78 A.D.2d 779, 435 N.Y.S.2d 202 (1st Dep't 1980) (table) (affirming trial court conviction). The records of the district court show that Thomas filed a section 2254 petition in 1981, which was denied in 1982. *See Thomas v. Jones,* No. 81–cv–5828 (S.D.N.Y. Dec. 29, 1982) (VLB).

The AEDPA amendments to the habeas statutes require that before a second or successive petition for a writ of habeas corpus may be pursued in federal district court, a petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application.[2] AEDPA § 106(b)(3)(A), 28 U.S.C. § 2244(b)(3)(A) (West Supp.1997). The courts of appeals may authorize the filing of a second or successive petition only if a three-judge panel determines that the movant has made a prima facie showing that his motion satisfies the requirements set forth in 28 U.S.C. § 2244(b).[3] AEDPA

---

1. Pursuant to *Liriano,* 95 F.3d at 123, the district court transfers the petition to this Court, and the Clerk of this Court (upon receipt of the petition) sends the litigant an application form to file an authorization motion.

2. Consistent with the terminology in *Galtieri v. United States,* 128 F.3d 33, 35–36 (2d Cir.1997), "petition" refers to the document seeking collateral relief, filed pursuant to 28 U.S.C. § 2254 or 28 U.S.C. § 2255; "motion" refers to the document seeking this Court's permission to file a second or successive petition in district court; and "habeas" refers to collateral relief either under § 2254 or § 2255.

3. A claim presented in a second or successive § 2254 petition that was presented in a prior application must be dismissed. AEDPA § 106(b)(1), 28 U.S.C. § 2244(b)(1) (West Supp. 1997). Further, a claim that was not presented in the prior application must be dismissed unless—

 (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
 (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

§§ 106(b)(3)(B) & (C), 28 U.S.C. §§ 2244(b)(3)(B) & (C) (West Supp.1997).

◼ Thomas filed a habeas petition in 1981, the year after final affirmance of the conviction for murder that he now attacks. *See People v. Thomas,* 78 A.D.2d 779, 435 N.Y.S.2d 202 (1st Dep't 1980). Because the record of that prior petition is not before this Court, we cannot say whether the 1981 petition and the present petition attack the same judgment, or (if so) whether the 1981 petition was dismissed with prejudice. *Esposito v. United States,* 135 F.3d 111, 112 (2d Cir. 1997). *See also Galtieri v. United States,* 128 F.3d 33, 37–38 (2d Cir.1997) (when a first § 2255 petition achieves an amendment of the sentence, a subsequent § 2255 petition will be regarded as a "first" petition only to the extent that it seeks to vacate the new, amended component of the sentence); *see also Camarano v. Irvin,* 98 F.3d 44, 47 (2d Cir.1996) (per curiam) (prior dismissal of habeas petition for failure to exhaust does not render subsequent petition "successive" because prior decision lacked *res judicata* effect).

The AEDPA sets procedures for filing a successive petition, but it does not define 'successive,' nor does it allocate the burden of proving whether there has been a prior petition. In *Felker v. Turpin,* 518 U.S. 651, ——, 116 S.Ct. 2333, 2340, 135 L.Ed.2d 827 (1996), the Supreme Court described the successive petition provisions of the AEDPA as constituting a "modified res judicata rule." Under *res judicata* principles, the Government has traditionally shouldered the burden of establishing that the habeas petitioner had abused the writ, *see Femia v. United States,* 47 F.3d 519, 522 (2d Cir.1995) (citing *McCleskey v. Zant,* 499 U.S. 467, 494, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991)), and did so by setting forth the petitioner's prior writ history and specifying the claims appearing

for the first time in the successive habeas petition. *See id.* at 523 (citing *McCleskey,* 499 U.S. at 494, 111 S.Ct. at 1470); *see also Wise v. Fulcomer,* 958 F.2d 30, 34 n. 8 (3d Cir.1992).

The AEDPA altered prior law by shifting the burden of showing that a habeas petition was not abusive, at least insofar as the petitioner now must demonstrate in the authorization motion that any new claims could not have been raised in a prior petition because they rely on newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. *See* AEDPA § 106(b)(2), 28 U.S.C. § 2244(b)(2) (West Supp.1997); *see, e.g., In re Boshears,* 110 F.3d 1538 (11th Cir.1997) (per curiam) (petitioner failed to carry burden of showing petition satisfied section 2244 requirements). But the AEDPA does not say who must demonstrate that the current petition is (or is not) "successive." We think that a petitioner attempting to comply with such a rule could do little more than attest that he had not filed prior petitions, as Thomas has done in his petition. But that is insufficient for our purposes, because the AEDPA's limitation on successive petitions would be nullified if we had to rely on the bald statement of a *pro se* litigant as to so subtle a legal issue. On the other hand, the Government can easily find out and show in district court whether prior petitions have been filed.

◼ On remand, we direct the district court to determine more particularly whether the petition was indeed successive. In doing so, the district court should determine whether the prior petition was dismissed with prejudice and whether the instant petition attacks the same judgment that was attacked in the prior petition. *See Esposito,* 135 F.3d at 113; *Camarano,* 98 F.3d at 47. If the prior petition succeeded in winning an

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

AEDPA § 106(b)(2), 28 U.S.C. § 2244(b)(2) (West Supp.1997). If the movant does not identify

either newly discovered evidence or a new rule of constitutional law, this Court is required to deny the motion for an order authorizing consideration of a second or successive petition. *Id.* A slightly different standard applies to second or successive § 2255 petitions. *See* AEDPA § 105, 28 U.S.C. § 2255 (West Supp.1997).

amendment of the sentence, the district court should determine whether the pending petition is addressed to the amended components of the sentence. *See Galtieri*, 128 F.3d 33, 37–38.

■■■ It has now been some time since we received Thomas's motion to file. Section 106(b) of the AEDPA, 28 U.S.C.A. § 2244(b)(3)(D) (West Supp.1997) provides:

The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

This requirement has not been implicated, however, because a case transferred from the district court without a categorical finding that the petition is second or successive is not ready to be considered by the panel. As we recently recognized, the 30–day period does not necessarily begin to run until the authorization motion, with all papers necessary for a reasoned decision, (including the transcript where necessary), have been filed in this Court, and that the 30–day period may be exceeded "where an issue requires a published opinion that cannot reasonably be prepared within 30 days." *Galtieri*, 128 F.3d at 37. And, in *Triestman v. United States,* 124 F.3d 361, 367 (2d Cir.1997), the 30–day time limit was deemed satisfied when, within 30 days, we stayed the mandate on the authorization motion so that substantial legal questions raised by the motion could be briefed by the parties and considered by this Court. As *Galtieri* and *Triestman* demonstrate, the 30–day provision of the AEDPA is a limitation on our deliberative time, which does not begin to run until such time as we have a record sufficient to decide the question that is presented.

### Conclusion

For the foregoing reasons, we have denied the motion for leave to file a second petition under 28 U.S.C. § 2254 without prejudice and have remanded the motion to district court for inquiry and fact-finding as to whether the proposed petition is second or successive.