**Willie CARTER, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Docket No. 98–3528.**

United States Court of Appeals, Second Circuit.

Submitted June 3, 1998.

Decided July 21, 1998.

---

**203**

Before: OAKES, MESKILL, and CABRANES, Circuit Judges.

PER CURIAM:

Petitioner Willie Carter, *pro se*, moves pursuant to 28 U.S.C. § 2244(b)(3)(A) for an order authorizing the district court to consider a second or successive motion for a writ of habeas corpus brought under 28 U.S.C. § 2255. We write to clarify that the denial of an initial § 2255 motion on grounds of procedural default (*i.e.*, for failure to raise a claim on direct appeal, which failure is not excused by a showing of cause and prejudice) constitutes a disposition on the merits, such that any subsequent § 2255 motion will require authorization pursuant to §§ 2255 and 2244(b)(3)(A). Furthermore, the fact that a subsequent motion raises new grounds for relief has no bearing on this requirement. In this case, because the statutory requirements of §§ 2244 and 2255 are not satisfied, authorization is denied.

I.

In 1991, Carter was convicted in the United States District Court for the District of Connecticut (Peter C. Dorsey, *Judge*) for possession of a firearm as a convicted felon and was sentenced to a 235–month term of imprisonment. Carter was represented by counsel at trial and in his direct appeal. That appeal was unsuccessful, *see United States v. Carter*, 979 F.2d 846 (2d Cir.1992) (table) (affirming district court).

In 1993, Carter filed a *pro se* § 2255 motion challenging his conviction on the sole ground that the indictment was defective because the grand jury was not comprised of a "fair and representative cross-section of the public." The district court denied the § 2255 motion on grounds of procedural default— that is, because Carter neither raised the grand jury issue at trial or on appeal, nor demonstrated cause for and prejudice arising from his failure to do so. Carter did not appeal the district court's denial of the motion.

_____

Willie Carter, pro se, White Deer, PA.

Joseph C. Hutchison, Assistant United States Attorney for the District of Connecticut, New Haven, CT.

On May 7, 1998, Carter filed in this Court the instant authorization motion,[1] challenging his 1991 conviction on three new grounds: (1) improper enhancement of his sentence, under 18 U.S.C. § 924(e), because his civil rights have been restored with respect to the three prior state convictions upon which the sentencing enhancement was based;[2] (2) improper enhancement of his sentence because his prior judgments of conviction had been entered pursuant to allegedly involuntary guilty pleas, see *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); and (3) ineffective assistance of trial and appellate counsel.[3] The motion brought no new evidence to our attention, and Carter's memorandum of law does not refer to any new principles of constitutional law. *See* 28 U.S.C. § 2255 ¶ 8 (limiting authorization to second or successive motions based on new evidence or new constitutional law).

## II.

The Antiterrorism and Effective Death Penalty Act, Pub.L. No. 104–132, 110 Stat. 1214 (1996) ("AEDPA"), amended 28 U.S.C. § 2255 to require a movant, prior to filing a second or successive motion for habeas corpus relief in the district court, to obtain an order from the relevant Court of Appeals authorizing consideration by a district court of that motion. *See* 28 U.S.C. §§ 2255 ¶ 8, 2244(b)(3)(A). Authorization will be granted only if the second or successive motion is based on:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by

clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense, or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 ¶ 8.

However, "[t]he AEDPA does not define 'second or successive motion' in [section 2255] or 'second or successive habeas corpus application' in [section 2254]." *Galtieri v. United States*, 128 F.3d 33, 37 (2d Cir.1997). In our efforts to define the meaning and scope of these terms, we have recognized instances in which a subsequent § 2255 motion or § 2254 petition was *not* properly considered "second or successive." *See, e.g., id.* at 37–38 (holding that when a first § 2255 motion succeeds in obtaining a sentence amendment, a subsequent motion will be considered a "first" motion to the extent that it challenges a new or amended component of the sentence, and a "second" motion to the extent that it challenges either a component of the original, unamended sentence or the underlying conviction); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir.1997) ("[A] petition asserting a claim to relief available under 28 U.S.C. § 2255 is not a 'second or successive' application where the prior petition(s) sought relief available only under 28 U.S.C. § 2241."); *Camarano v. Irvin*, 98 F.3d 44, 47 (2d Cir.1996) ("[A] petition filed after a prior petition is dismissed without prejudice for failure to exhaust state remedies is not a 'second or successive' petition within the meaning of § 2244," because there

---

1. Title 28 U.S.C. § 2244(b)(3)(D) requires courts of appeals "to grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion." Thus, a decision on Carter's motion was required by June 8, 1998. *See* Fed. R.App. P. 26(a) (governing computation of time). The motion was submitted to this panel on June 3, 1998, but we have delayed a final disposition in order to prepare a published opinion. We have previously held that the § 2244(b) deadline is tolled "where an issue requires a published opinion that cannot reasonably be prepared within 30 days." *Thomas v. Superintendent*, 136 F.3d 227, 230 (2d Cir. 1997) (citation omitted).

2. Petitioner's articulation of this ground is less than clear. In any event, 18 U.S.C. § 924(e)

specifies a minimum sentence for persons found guilty of interstate transportation of firearms under 18 U.S.C. § 922(g) who also have three prior convictions for violent felonies or serious drug offenses.

3. In November 1997, Carter raised all three claims in the district court in a motion for a writ of error coram nobis. However, he subsequently conceded that the claims constituted a "second or successive" application for habeas relief and agreed to seek authorization from this Court. The district court then transferred the motion for a writ of coram nobis to this Court pursuant to *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir.1996) (per curiam), resulting in the filing of the present motion.

has been no federal adjudication on the merits).[4] Additionally, we have remanded to the district court for a determination of whether a proposed motion or petition is indeed "second or successive" when it was unclear (1) whether the prior habeas petition was dismissed on the merits or (2) whether the prior habeas petition even addressed the same conviction that was the subject of the assertedly successive petition. *See Thomas v. Superintendent,* 136 F.3d 227, 229 (2d Cir.1997).

▮ The authorization motion now before us falls outside the scope of our prior rulings. Carter's first unsuccessful motion, in 1993, was made pursuant to § 2255 and it was not dismissed without prejudice or for failure to exhaust. Moreover, the 1993 motion and the instant motion both clearly challenge the same conviction. The question presented, therefore, is whether the denial of Carter's first motion for procedural default was a disposition on the merits for purposes of the AEDPA's second or successive motion provisions. Mindful of the law of other circuits relating to procedural default and successive petitions under § 2254, as well as of the evolution of habeas law prior to passage

of the AEDPA, we answer this question in the affirmative.

Our sister circuits have held that the denial of a first § 2254 petition for procedural default, which default is not overcome by a showing of cause and prejudice, "must be regarded as a determination on the merits in examining whether a subsequent petition is successive." *Bates v. Whitley,* 19 F.3d 1066, 1067 (5th Cir.1994); *accord Hawkins v. Evans,* 64 F.3d 543, 546–47 (10th Cir.1995) (quoting *Bates* ); *Howard v. Lewis,* 905 F.2d 1318, 1322–23 (9th Cir.1990) (dismissal for procedural default, unlike dismissal for failure to exhaust state remedies, is a disposition on the merits); *cf. Shaw v. Delo,* 971 F.2d 181, 184 (8th Cir.1992) (holding that a district court may review successive or abusive claims but only if petitioner establishes cause and prejudice). Although these decisions predate the AEDPA and concerned § 2254 petitions, the petition-limiting rules they interpreted were equally applicable to successive § 2255 motions and have since been codified, and even strengthened, by the AEDPA.[5] Accordingly, we hold that a denial

---

**4.** *Accord Stewart v. Martinez–Villareal,* —— U.S. ——, ——–——, 118 S.Ct. 1618, 1621–22, 140 L.Ed.2d 849 (1998) (analogizing dismissal of a competency claim as premature to dismissal for failure to exhaust state remedies and holding that the renewed competency claim was not "second or successive"); *McWilliams v. Colorado,* 121 F.3d 573, 575 (10th Cir.1997) (agreeing with "every circuit that has considered this issue since enactment of the [AEDPA that] a habeas petition filed after a prior petition is dismissed without prejudice for failure to exhaust state remedies does not qualify as a 'second or successive application' "); *Christy v. Horn,* 115 F.3d 201, 208 (3d Cir.1997) (same); *In re Turner,* 101 F.3d 1323, 1323 (9th Cir.1997) (same).

**5.** *Bates, Hawkins, Howard* and *Shaw* relied on the successive petition rule enunciated in *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), and Rule 9(b) of the Rules Governing § 2254 Cases, as amended by Pub.L. 94–426, §§ 2(7), (8), 90 Stat. 1335 (Sept. 28, 1978). *Sanders* informed district courts that

[c]ontrolling weight may be given to denial of a prior application for federal habeas corpus or § 2255 relief only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would

not be served by reaching the merits of the subsequent application.

373 U.S. at 15, 83 S.Ct. 1068. Echoing *Sanders,* in 1976, Congress amended Rule 9(b) of the Rules Governing § 2254 Cases to provide that [a] second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ. Rule 9(b) of the Rules Governing § 2255 Proceedings was similarly amended.

The AEDPA did not change either Rule 9(b), although it did eliminate, for § 2254 petitions, *Sanders* 's "ends of justice" provision permitting review of previously considered claims, *see* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."). More generally, the Supreme Court has observed that "[t]he added restrictions which [the AEDPA] places on second habeas petitions are well within the compass of [the pre-existing] evolutionary process" of habeas corpus jurisprudence. *Felker v. Turpin,* 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996); *cf. Esposito v. United States,* 135 F.3d 111, 113 (2d Cir.1997) ("Generally, we look to 'abuse of the writ' jurisprudence to inform [the] wording" "second or successive").

on grounds of procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition or § 2255 motion "second or successive" for purposes of the AEDPA.

Furthermore, although *Bates* and its companions addressed successive petitions based on previously raised grounds, and Carter advances in his successive motion new grounds not previously raised, that distinction does not affect our conclusion that a denial of a first motion or petition on grounds of procedural default causes a subsequent motion or petition to come within the ambit of the AEDPA's "second or successive" provisions. *Cf. McCleskey v. Zant*, 499 U.S. 467, 489–95, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991) (effectively eliminating former distinction between new and previously heard grounds by collapsing tests for procedural default and abuse of the writ).

## III.

Finding the instant proposed § 2255 motion to be a second or successive motion, we conclude that authorization is not warranted under the AEDPA because Carter's claims are clearly based neither on newly discovered evidence nor on a new rule of constitutional law. Accordingly, the authorization motion must be, and hereby is, denied.