HLD-058 (December 2010)                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3149
_____

UNITED STATES OF AMERICA

v.

CLIFFORD FAKE,
                                             Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 05-00426-002)
District Judge:  Honorable William W. Caldwell
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6 and
Consideration Whether a Certificate of Appealability is Required
December 29, 2010
Before:  MCKEE, Chief Judges, ALDISERT and WEIS, Circuit Judges

(Opinion filed January 27, 2011)
_____

OPINION
_____

PER CURIAM.

Clifford Fake appeals pro se from an order dismissing his post-judgment request for discovery. Because no substantial question is presented by this appeal, we will summarily affirm the order of the District Court.

On April 20, 2006, Clifford Fake pleaded guilty to health care fraud resulting in serious bodily injury, pursuant to 18 U.S.C. § 1347, and criminal forfeiture, pursuant to 18 U.S.C. § 982(a)(7) and 28 U.S.C. § 246(c); he was sentenced to 218 months of imprisonment.[1] Fake appealed his sentence, which was affirmed by this Court.

In November 2008, Fake filed a motion to vacate his sentence under 28 U.S.C. § 2555. The District Court allowed Fake to amend his § 2255 motion. In his amended motion, Fake alleged lack of evidence to convict and ineffectiveness of counsel. In support of his claim that there was a lack of evidence to convict him, Fake alleged that the Government withheld information in violation of Brady v. Maryland, 373 U.S. 83 (1963), based on a January 20, 2009 letter from trial counsel indicating that his paralegal was unable to find information on two of the victims. Fake argued that there thus were no medical records to prove that victims' limbs were broken, and that he would not have pleaded guilty if the Government had not withheld this lack of information. Fake also

---

[1] The charges stem from Fake's operation of a residential personal care facility. An investigation revealed that Fake and his wife fraudulently obtained payments by submitting false documentation and failed to provide proper care to individuals, including abuse and neglect.

contested the evidentiary support for the alleged death of a victim, Jeffrey Sees.[2] The

District Court denied his motion, finding his claims procedurally defaulted or meritless.

Fake requested a certificate of appealability, which this Court denied on September 22,

2009.

In May 2010, Fake filed a motion to withdraw his guilty plea, alleging

newly discovered evidence. The District Court denied his motion, concluding that Fake's

alleged newly discovered evidence had no legal bearing on the validity of his conviction.

On June 16, 2010, Fake filed a request for discovery, requesting medical

records of the victims of the crimes of which he was convicted, along with the autopsy

report and death certificate for Sees. He attached, as newly-discovered evidence, letters

from his trial counsel, stating that the paralegal was unable to locate the records Fake

sought. Fake again claimed there was no actual evidence regarding the broken limbs of

certain victims, and that he would not have pleaded guilty if he had been informed of this

lack of evidence. By order entered June 30, 2010, the District Court denied the motion.

Fake timely appealed.

We have jurisdiction under 28 U.S.C. §1291. We exercise plenary review

over the District Court's legal conclusions, and we apply a clearly erroneous standard to

any factual findings. Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per

---

[2] Fake claims that Sees' death was mentioned in his co-defendant's report. The record shows that Sees suffered injuries, including broken ribs, a broken right arm, and Lithium toxicity as a result of neglect and abuse.

curiam).

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). The District Court correctly determined that Fake's request for discovery reargued the claims in his original § 2255 motion and thus would constitute a second or successive motion to vacate his sentence under § 2255.

Fake argues that his motion was not successive because his original § 2255 motion was not dismissed on the merits, and he requests an evidentiary hearing on his ineffectiveness claims. The claims in Fake's original § 2255 motion were denied as procedurally defaulted or meritless. The denial of a claim for habeas relief as procedurally defaulted constitutes a determination on the merits. Carter v. United States, 150 F.3d 202, 205-06 (2d Cir. 1998). Therefore, any subsequent § 2255 motion filed by Fake is second or successive. See id. As the District Court explained, Fake must obtain leave from this Court to file a second or successive § 2255 motion. 28 U.S.C. §§ 2244(b), 2255(h).

As the District Court correctly determined that the claims raised in Fake's discovery motion would properly be brought in a § 2255 motion and could not be raised in a post-judgment discovery motion, we will affirm the District Court's order. We deny

4

Fake's request for a certificate of appealability as unnecessary, noting that we have considered his arguments in reaching our decision in this matter.