**F I L E D**

**UNITED STATES COURT OF APPEALS**

**May 18, 2006**

**TENTH CIRCUIT**

ROBERT SCHWARTZ,

        Petitioner - Appellant,

    v.

DONICE NEAL, Warden of the
Arrowhead Correctional Facility;
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

        Respondents - Appellees.

No. 05-1418
(D. Ct. No. 03-CV-1423-ZLW-CBS)
(D. Colo.)

**ORDER**

Before **TACHA**, Chief Circuit Judge, **ANDERSON**, and **HARTZ**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner-Appellant Robert Schwartz, a state prisoner proceeding pro se, seeks a certificate of appealability ("COA") and leave to proceed in forma pauperis ("IFP") to challenge the District Court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253 (c)(1), and construing Mr. Schwartz's pro se application liberally, *see Cummings v. Evans*, 161 F.3d

610, 613 (10th Cir. 1998), we DENY his request for a COA, DENY his request to proceed IFP, and DISMISS this appeal.

## I. BACKGROUND

In 1989, Mr. Schwartz was convicted on three counts of sexual assault on a child and three counts of aggravated incest. On appeal, a division of the Colorado Court of Criminal Appeals reversed Mr. Schwartz's conviction and remanded the case for a new trial. In 1993, prior to trial, Mr. Schwartz pleaded guilty to three counts of sexual assault on a child by one in a position of trust and three counts of aggravated incest. He was sentenced to thirty years' imprisonment.

After sentencing, Mr. Schwartz filed a petition for state post-conviction relief pursuant to Colo. R. Crim. P. 35(c), which the trial court denied. Mr. Schwartz then appealed both the trial court's denial of his Rule 35(c) motion, as well as his sentence. The Colorado Court of Appeals affirmed his sentence but remanded the case to the trial court to make findings on the Rule 35(c) claims. In the interim, Mr. Schwartz sought review of his sentence and filed a petition for writ of certiorari to the Colorado Supreme Court; that court denied review on December 2, 1997. The trial court then held a hearing on Mr. Schwartz's Rule 35(c) motion and again denied his claims.

In September 1998, Mr. Schwartz filed a motion pursuant to Colo. R. Crim. P. 35(b), seeking a reduction of his sentence. The trial court denied the motion as time barred and on a motion for reconsideration denied his claims on the merits. The Colorado Court of Appeals affirmed and the Colorado Supreme Court denied Mr. Schwartz's

petition for writ of certiorari in August 2001. Mr. Schwartz then moved for reconsideration of the trial court's denial of his Rule 35(b) motion. The trial court denied the motion; the Colorado Court of Appeals affirmed; and the Colorado Supreme Court denied his petition for certiorari in March 2004.

Mr. Schwartz filed this petition for writ of habeas corpus in July 2003, raising thirteen claims of error.[1] The magistrate judge issued recommendations and findings, and concluded that none of Mr. Schwartz's claims constituted a basis for habeas relief. The District Court reviewed and adopted the findings of the magistrate judge, dismissed Mr. Schwartz's petition, and denied a COA. Mr. Schwartz now seeks a COA from this Court.

## II. DISCUSSION

### A.     Standard of Review

A COA can issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Furthermore, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *Moore v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002). When a district court dismisses a habeas petition for failure to exhaust state court remedies, a COA will issue when, "jurists

---

[1] Because the Colorado Supreme Court did not deny Mr. Schwartz's petition for writ of certiorari as to his motion for a reduction of his sentence until March 2004, he had not exhausted this claim when he filed this habeas petition. This Court therefore denied a COA in 2003 on those grounds and dismissed that claim without prejudice.

of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In addition, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that, "deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). Because we incorporate AEDPA deference into our COA analysis Mr. Schwartz cannot obtain a COA unless we find that reasonable jurists could debate whether the Colorado court's decision "was not merely wrong but *unreasonable*, either as a determination of fact or as an application of clearly established federal law." *Id*. at 940. A state court's decision is contrary to clearly established federal law if it, "'applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court]'" and nevertheless arrives at a different result. *Price v. Vincent*, 538 U.S. 634, 640 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 2000)).

B.     Merits

Mr. Schwartz raised thirteen claims of error relating to, *inter alia,* the entering of his guilty plea and judicial misconduct. The District Court adopted the magistrate judge's findings that all but one of his claims were unexhausted. In his application for COA to

this Court, Mr. Schwartz raises the same issues he raised to the District Court.[2] We have reviewed the District Court's ruling, the record on appeal, and Mr. Schwartz's submissions to this Court and we conclude that jurists of reason would not find debatable whether the District Court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484. Therefore, we deny Mr. Schwartz's request for a COA on those issues for substantially the same reasons set forth in the magistrate judge's report and recommendation.

The only claim which Mr. Schwartz exhausted is his claim that the trial court violated his right to due process by imposing a thirty-year sentence.[3] "We afford wide discretion to the state trial court's sentencing decision, and challenges to that decision are not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law." *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000). Indeed, our review generally ends "once we determine the sentence is within the limitation set by statute." *Id.*

Mr. Schwartz pleaded guilty to three counts of aggravated incest and three counts of sexual assault on a child by one in a position of trust. These crimes are Class 3

---

[2]Mr. Schwartz has also filed a brief in which he makes numerous claims of error related to the District Court's denial of his COA. We construe this brief as an addendum to his COA application. *See* Fed. R. App. P. 22(b)(2).

[3]To the extent Mr. Schwartz argues that his sentence violates Colorado state law, this claim is not cognizable in a federal habeas petition. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 ("[I]t is not the province of a federal habeas court to re-examine state-court determinations on state-law questions.").

felonies under Colorado law and each carries a presumptive sentencing range of four to sixteen years. *See* Colo. Rev. Stat. § 18-1.3-401 (1)(a)(IV). The trial court sentenced him to ten years' imprisonment on each count of sexual assault, to be served consecutively, and ten years' imprisonment on each count of incest, to be served concurrently with the other sentences. This resulted in a thirty-year sentence. The trial court acted within its discretion to sentence Mr. Schwartz to serve the three sexual assault counts consecutively, as they were charges relating to three separate incidents. *See Qureshi v. District Court*, 727 P.2d 45, 47 (Colo. 1986); *People v. Baker*, 703 P.2d 631, 632 (Colo. App. 1985). Therefore, his sentence, which was within the limitations set by Colorado law, affords no basis for relief under 28 U.S.C. § 2254(d)(1). As such, we deny Mr. Schwartz's request for a COA on this issue.

## IV. CONCLUSION

For the foregoing reasons we DENY Mr. Schwartz's application for a COA, DENY all other pending motions by Mr. Schwartz as moot, and DENY Mr. Schwartz's request to proceed in forma pauperis.

ENTERED FOR THE COURT,

Deanell Reece Tacha
Circuit Judge