**F I L E D**

**UNITED STATES COURT OF APPEALS**

**April 5, 2007**

**FOR THE TENTH CIRCUIT**

ROBERT SCHWARTZ,

        Petitioner - Appellant,

v.

DONICE NEAL, Warden of the
Arrowhead Correctional Facility;
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

        Respondents - Appellees.

No. 06-1396
(D.C. No. 03-CV-1423-ZLW-CBS)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **KELLY, BRISCOE,** and **GORSUCH,** Circuit Judges.

Robert Schwartz, a state prisoner proceeding *pro se*, appeals the district

court orders denying his motion to reopen his prior 28 U.S.C. § 2254 petition on

the non-adjudicated claims and denying his motion to reconsider. We vacate the

district court orders, construe Petitioner Schwartz's notice of appeal and appellate

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

brief as an implied application for authorization to file another § 2254 petition, and deny authorization.

In 1993, Petitioner Schwartz pleaded guilty in state court to three counts of sexual assault on a child by one in a position of trust, and three counts of aggravated incest. He was sentenced to thirty years' imprisonment. On direct appeal, his sentence was affirmed.

In 2003, he filed his first § 2254 petition for purposes of the Antiterrorism and Effective Death Penalty Act ("AEDPA") raising thirteen claims, such as the denial of effective assistance of trial and appellate counsel, and the involuntariness of his guilty plea because the trial court failed to give him a proper Colo. R. Crim. R. 11 advisement, he was under the influence of drugs at the time of his plea, the trial court erred by allowing an amendment to the charges, he was improperly charged as one in a position of trust, and the charging statutes were inadequate. The magistrate judge issued a recommendation finding that none of Petitioner's claims constituted a basis for habeas relief. The district court adopted the magistrate judge's recommendation and denied the § 2254 petition. In so doing, the district court rejected Petitioner's constitutional challenge to his sentence and denied his remaining twelve claims based on state procedural default grounds. *See Schwartz v. Neal*, No. 03-CV-1423 (D. Colo. Aug. 15, 2005) (unpublished). On appeal, this court denied a certificate of appealability and dismissed. *See Schwartz v. Neal*, No. 05-1418 (10th Cir. May

18, 2006) (unpublished order).

On July 21, 2006, approximately eleven months after the district court denied his first § 2254 petition, Petitioner Schwartz filed a motion under Fed. R. Civ. P. 60(b) to reopen. Petitioner sought the district court to consider issues that he claimed were not previously considered or adjudicated by the district court during his first § 2254 petition. In particular, he argued that he did not receive effective assistance of appellate or post-conviction counsel, and that he was not charged with, adjudged of, or pleaded guilty to sexual assault on a child by one in a position of trust or to aggravated incest. In a July 27, 2006 Order, the district court denied Petitioner's motion to reopen. In an August 17, 2006 Order, the court denied his motion to reconsider. This appeal followed.[1]

A post-judgment motion must be treated as a second or successive petition and certified by an appellate panel if it asserts or reasserts a substantive claim to set aside a movant's criminal conviction. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005) (deciding the extent to which a Fed. R. Civ. P. 60(b) motion filed

_____

[1] On July 27, 2006, Robert Schwartz filed a second § 2254 petition in the district court, which was assigned No. 06-CV-1456. Lacking subject matter jurisdiction, the district court transferred the second § 2254 petition to this court pursuant to *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (requiring transfer by district court of unauthorized second or successive petitions to this court). After transfer, Schwartz filed a motion for authorization to file a second or successive § 2254 petition, which was denied for failing to satisfy either of the AEDPA criteria in 28 U.S.C. § 2244(b)(2). *See Schwartz v. Keith*, No. 06-1411 (10th Cir. Nov. 13, 2006) (unpublished order).

-3-

in a § 2254 proceeding should be considered a second or successive habeas petition); *see also Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006) ("[u]nder *Gonzalez*, a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction.").

Petitioner Schwartz's motion to reopen constituted an unauthorized second or successive § 2254 petition under the AEDPA. The motion did not attack the integrity of the first § 2254 proceedings, but rather asserted substantive claims challenging the 1993 criminal conviction. Consequently, Petitioner was required to comply with the relevant provisions of the AEDPA and obtain prior authorization from this court before filing his unauthorized § 2254 petition in the district court on July 21, 2006. He failed to obtain this authorization. *See* 28 U.S.C. § 2244(b)(3)(A). Therefore, the district court lacked subject matter jurisdiction, and the orders denying the unauthorized § 2254 petition and the motion to reconsider must be vacated.

Nonetheless, we will construe Petitioner's notice of appeal and appellate brief as an implied application under 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive § 2254 petition. Petitioner reasserts on appeal the claims raised in his motion to reopen as well as such claims that: issues raised in his state court post-conviction proceedings and in his first § 2254 petition were never ruled upon by state or federal courts on the merits; his right to self

representation was denied because his *pro se* pleadings and filings were not considered and ruled on by the courts; the district court's dismissal with prejudice of his first § 2254 petition violated his due process and equal protection rights; and he is entitled to another advisement under Colo. R. Crim. P. 11.

We have thoroughly reviewed the implied application and conclude that Petitioner Schwartz has failed to make the prima facie showing required by either of the AEDPA criteria in 28 U.S.C. § 2244(b)(2). Petitioner's claims are not based on a new rule of constitutional law made retroactive to cases on collateral review by the United States Supreme Court that was previously unavailable, *id.* § 2244(b)(2)(A), or on facts previously undiscoverable through the exercise of due diligence that would establish by clear and convincing evidence that he was not guilty of the offenses, *id.* § 2244(b)(2)(B).

Finally, contrary to Petitioner's assertions, the twelve claims raised in his first § 2254 petition that were denied based on state procedural default grounds "constitute[d] a disposition on the merits and thus render[ed] a subsequent § 2254 petition or § 2255 motion 'second or successive' for purposes of the AEDPA." *Carter v. United States*, 150 F.3d 202, 205-06 (2nd Cir. 1998) (*per curiam*); *see Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir.), *cert. denied*, 126 S.Ct. 199 (2005) (same); *cf. Hawkins v. Evans*, 64 F.3d 543, 547 (10th cir. 1995) (concluding, pre-AEDPA, that denial of claim due to procedural default is a determination on the merits in evaluating whether a second habeas petition is

successive).

Accordingly, the district court orders are **VACATED.** The implied application for authorization to file a second or successive § 2254 petition is **DENIED**. The motion to proceed *in forma pauperis* is **GRANTED**. The mandate shall issue forthwith.

Entered for the Court

Per Curiam