FILED
United States Court of Appeals
Tenth Circuit

May 15, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DERRICK R. PARKHURST,

　　　　Petitioner - Appellant,

v.

EDDIE WILSON, Warden of the
Wyoming Penitentiary; GREGORY A.
PHILLIPS, the Attorney General of
the State of Wyoming,

　　　　Respondents - Appellees.

No. 12-8080
(D.C. No. 12-CV-00066-ABJ)
(D. Wyo.)

---

**ORDER
DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

Derrick R. Parkhurst, a Wyoming inmate appearing pro se, appeals the

district court's order dismissing his 28 U.S.C. § 2254 motion as untimely,

unauthorized, and without merit. We hold that no reasonable jurist could debate

the district court's dismissal on procedural grounds. See Slack v. McDaniel, 529

U.S. 473, 484–85 (2000). We therefore deny Mr. Parkhurst's application for a

certificate of appealability (COA) and dismiss his appeal.

A.　　The District Court Lacked Jurisdiction Under 28 U.S.C. § 2244

The district court properly characterized Mr. Parkhurst's § 2254 motion as

a "second or successive application."  His previous motion, which also presented an ineffective assistance claim, was dismissed due to state procedural default. Parkhurst v. Shillinger, 128 F.3d 1366, 1370 (10th Cir. 1997) (citing Castille v. Peoples, 489 U.S. 346, 351 (1989)).  Because that disposition was on the merits, the current application is considered successive.  See Carter v. United States, 150 F.3d 202, 205–06 (2d Cir. 1998) (per curiam); see also Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005); cf. Hawkins v. Evans, 64 F.3d 543, 547 (10th Cir. 1995) (concluding that dismissal based on procedural default was on the merits under pre-AEDPA successive petition doctrine).  Therefore, absent prior authorization from this circuit, the district court lacked jurisdiction to hear the current application.  28 U.S.C. § 2244(b)(3).

B.    Mr. Parkhurst's § 2254 Motion Is Time-Barred

In addition, Mr. Parkhurst's § 2254 motion is barred by AEDPA's one-year statute of limitations.  Mr. Parkhurst admits his motion is untimely but claims equitable tolling is warranted for two reasons: 1) he did not discover his attorney's conflict of interest until after his direct appeal had concluded, and 2) he recently discovered a relevant legal defense.

Mr. Parkhurst's first argument is unavailing.  Although he did not discover trial counsel's alleged conflict of interest until after his direct appeal, Mr. Parkhurst could have filed a postconviction ineffective assistance claim.  As we previously explained, "Wyoming's postconviction scheme afforded [Mr.

Parkhurst] the equivalent of direct appellate review of his ineffective assistance claim." Parkhurst, 128 F.3d at 1371. Mr. Parkhurst has not shown that he diligently pursued postconviction relief, or that extraordinary circumstances prevented timely filing. See Holland v. Flordia, 130 S. Ct. 2549, 2562 (2010). Therefore, he is not entitled to equitable tolling. See id.

In reaching this conclusion, we reject Mr. Parkhurst's argument that Martinez v. Ryan, 132 S. Ct. 1309 (2012), compels a different outcome. Martinez involved an Arizona law that prohibited ineffective assistance claims to be raised on direct appeal. The Court held that:

> [w]here, under state law, claims of ineffective assistance of trial counsel *must* be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel . . . was ineffective.

Id. at 1320 (emphasis added).

As the district court correctly noted, Martinez is distinguishable. Unlike Arizona, Wyoming does *not* prohibit a defendant from bringing an ineffective assistance claim on direct appeal. See Wyo. Stat. Ann. §§ 7-12-308, 7-14-103; Schreibvogel v. State, 269 P.3d 1098, 1102 (Wyo. 2012). From a practical perspective, it appears Mr. Parkhurst was unable raise his claim on direct appeal—but the state of Wyoming did not preclude him from doing so. See Banks v. Workman, 692 F.3d 1133, 1148 (10th Cir. 2012). Therefore, the district

court's decision to deny Mr. Parkhurst's motion to alter or amend his petition to include a <u>Martinez</u> argument is not reasonably debatable.  <u>See</u> <u>Martinez</u>, 132 S. Ct. at 1315 (characterizing its holding as a "narrow exception"); <u>see also</u> <u>Banks</u>, 692 F.3d at 1148.

We further deny equitable tolling based on Mr. Parkhurst's recent discovery of a relevant legal defense.  "[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."  <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir. 2000) (quotation omitted); <u>see also</u> <u>United States v. Denny</u>, 694 F.3d 1185, 1191 (10th Cir. 2012). In light of the facts alleged, we do not find an "extraordinary circumstance" that would warrant equitable tolling.  <u>See</u> <u>Marsh</u>, 223 F.3d at 1220.[1]

C.     <u>Petition for Initial En Banc Hearing</u>

Finally, we deny the petition for an initial en banc hearing.  Mr. Parkhurst has not met Federal Rule of Appellate Procedure 35(b)'s requirement that the petition begin with a statement that either: "consideration by the full court is . . . necessary to secure and maintain uniformity of the court's decisions" or "the proceeding involves one or more questions of exceptional importance."  The cases Mr. Parkhurst cites are not contradictory—they illustrate a general rule and its

---

[1] We also reject Mr. Parkhurst's claim that equitable tolling is warranted because he is actually innocent.  "[A] defendant cannot be actually innocent of a noncapital sentence."  <u>United States v. Denny</u>, 694 F.3d 1185, 1191 (10th Cir. 2012) (quotation omitted).

exception. In general, a prisoner must obtain prior circuit authorization to pursue a second or successive § 2254 petition. 28 U.S.C. § 2244(3). However, prior authorization is unnecessary where the previous petition was dismissed for failure to exhaust state remedies that remain available. Calcari v. Ortiz, No. 04-1422, 2005 WL 300424, *1 n.2 (10th Cir. Feb. 9, 2005). Mr. Parkhurst also has failed to identify a question of exceptional importance.

We AFFIRM the district court's order dismissing the petition and denying Mr. Parkhurst's motion to amend. We also DENY a COA and DENY the motion for an initial hearing en banc.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge