**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 15, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TIMOTHY GRIFFITH,

      Petitioner - Appellant,

v.

JASON BRYANT,

      Respondent - Appellee.

No. 15-6112
(D.C. No. 5:13-CV-00989-W)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

_____

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.
_____

      Timothy Griffith, a state prisoner proceeding pro se,[1] petitioned for relief under 28

U.S.C. § 2241. The district court adopted the magistrate judge's recommendation and

dismissed the petition. To appeal this ruling, Mr. Griffith seeks a certificate of

appealability ("COA"), as he must, under 28 U.S.C. § 2253(c)(1)(A). *See Montez v.

McKinna*, 208 F.3d 862, 867 n.6 (10th Cir. 2000) (a state prisoner bringing a § 2241

_____

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Griffith is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

claim must obtain a COA before being heard on the merits of the appeal). Exercising

jurisdiction under 28 U.S.C. § 1291, we deny a COA and dismiss the matter.

## I. **BACKGROUND**

Mr. Griffith was convicted of two counts of attempted first-degree rape and eight

counts of sexual abuse of a child. He was sentenced to five years for each attempted rape

count and three years for each child sex abuse count, all to run consecutively. Other than

reversal and dismissal of one of the attempted rape counts on direct appeal, his state

direct appeal and post-conviction petition and his federal § 2254 motion were all denied.

Mr. Griffith commenced this § 2241 proceeding on September 13, 2013. He

alleged that prison officials should not apply an Oklahoma law to him that requires

persons convicted of certain crimes to serve at least 85 percent of the sentence imposed

before becoming eligible for parole ("85% Law"). *See* Okla. Stat. tit. 21, § 13.1(14). He

admitted that the statute includes his child sex offenses. But because the law applies only

to offenses committed "on or after March 1, 2000," *id.* § 12.1, he argued it should not

apply to him because the charging document "alleged that the crimes occurred between

01-01-1998 and 12-31-2001." ROA at 10.

The magistrate judge recommended dismissal of the § 2241 petition because it is

time-barred under 28 U.S.C. § 2244(d), no statutory tolling exception applies, and Mr.

Griffith is not entitled to equitable tolling. The district court dismissed the petition.

## II. **DISCUSSION**

To obtain a COA, a petitioner generally must make "a substantial showing of the

denial of a constitutional right," 28 U.S.C. § 2253(c)(2), by "showing that reasonable

jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). Where, as here, the district court dismissed the petition on procedural grounds, we will grant a COA only if Mr. Griffith can demonstrate both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

## A. *One-Year Statute of Limitations*

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Because Mr. Griffith challenged the execution of his sentence under § 2241, the limitations period began to run when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* § 2244(d)(1)(D).

Mr. Griffith alleged he first learned in September 2013 that the "85% Law" would be applied to his sentences after he completed his five-year sentence for attempted rape (to which the "85% Law" does not apply) and began serving the first of his eight three-year sentences for child sex abuse. Aplt. Br. at 5-6. But the record shows otherwise. When the OCCA affirmed the denial of Mr. Griffith's March 28, 2008 state post-conviction petition, it addressed his argument "that he was not advised that he would have to serve 85% of his sentence upon being convicted." ROA at 49. Mr. Griffith

therefore knew about the potential application of the "85% Law" at least by March 28, 2008. He consequently missed the filing deadline for his § 2241 application by over four years. Reasonable jurists would not debate his application was untimely unless statutory or equitable tolling could rescue it.

## B. *Statutory Tolling*

The one-year limitations period can be statutorily tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Although Mr. Griffith filed a state post-conviction petition after the § 2241 March 28, 2008 accrual date, he did so on December 22, 2010, after the one-year period already had run. Moreover, we reject Mr. Griffith's argument that the 150-day pendency of his § 2254 petition filed in federal court on July 2, 2008, "should not be counted as part of the limitations period." Aplt. Br. at 5. The Supreme Court has held that a federal habeas petition does not toll the limitation period under § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 172-73 (2001). Even if 150 days were not counted, his § 2241 application still would have been untimely. Reasonable jurists would not debate the district court's denial of statutory tolling.

## C. *Equitable Tolling*

For equitable tolling, Mr. Griffith must establish "two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Barnes v. United States*, 776 F.3d 1134, 1150 (10th Cir. 2015) (quotations and citations omitted). He argues in his brief that he did not know until a fellow inmate

- 4 -

told him in 2013 that the Department of Corrections ("DOC") could apply the "85% Law" to his child sex abuse sentences. Aplt. Br. at 6. The district court found that Mr. Griffith had discovered the factual predicate for his claim in 2008. The record supports this finding, and reasonable jurists would not debate it.

### D. *Continuing Violation*

Mr. Griffith also contends the "statute of limitations could be tolled due to a continuing violation." Aplt. Br. at 7. He relies on *Shomo v. City of New York*, 579 F.3d 176 (2d Cir. 2009), which recognized that a continuing violation can extend the limitations period for a 42 U.S.C. § 1983 action alleging deliberate indifference to a prisoner's medical needs in violation of the Eighth Amendment. *Id.* at 181-82. In his habeas petition, Mr. Griffith alleged his "sentences are being administered incorrectly," asked "the court to determine whether his sentence is being administered correctly," and said he is "challenging the way that prison officials are administering his multiple sentences." ROA at 9, 12, 21. He said in his reply to the response to his petition that "[h]e is challenging the way the DOC has, is, and will continue to administer his multiple sentences." *Id*. at 52. In his objection to the magistrate judge's report and recommendation, he argued that "this is a continuing violation." *Id*. at 77.[2] In response, the district court found this argument "unpersuasive." *Id*. at 81.

Our circuit has not addressed whether the continuing violation doctrine can be used to toll untimely habeas filings. The issue appears unsettled in the federal courts.

---

[2] Mr. Griffith's continuing violation argument is open to a challenge that he did not adequately raise it in the district court. We give him the benefit of the doubt as a pro se litigant.

*Compare Broom v. Strickland*, 579 F.3d 553, 555-56 (6th Cir. 2009) (applying the continuing violation doctrine in a habeas action, but rejecting petitioner's claim because he challenged a discrete act), *with McAleese v. Brennan*, 483 F.3d 206, 218 (3d Cir. 2007) (noting petitioner's failure to identify any Third Circuit case applying the continuing violations doctrine to toll the limitations period in a habeas action).

Although reasonable jurists might debate this question, they would not debate the dismissal of his petition. This is so because his § 2241 petition does not allege a federal constitutional violation. *See* 28 U.S.C. § 2241(c)(3). It alleges that the trial court record does not show when his eight child sex abuse offenses occurred and, therefore, the "85% Law" restricting his eligibility for parole should not be applied. Whether that law should be applied under these circumstances is a question of state law. And even if its application would improperly postpone his opportunity for parole, and even if the § 2241 petition implicitly attempts to allege a due process violation, there is generally no federal constitutional right to parole. *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Dock v. Latimer*, 729 F.2d 1287, 1290-92 (10th Cir. 1984). Also, because Oklahoma's parole scheme is discretionary, Mr. Griffith has no constitutionally protected due process liberty interest in parole. *See Shabazz v. Keating*, 977 P.2d 1089, 1093 (Okla. 1999) ("[T]here is no protectible liberty interest in an Oklahoma parole."); *see also Shirley v. Chestnut*, 603 F.2d 805, 807 (10th Cir. 1979) ("[T]he Oklahoma

statutory scheme . . . does no more than create a parole system, which in the Supreme Court's view . . . does not establish a liberty interest.").[3]

## III. **CONCLUSION**

For the foregoing reasons, Mr. Griffith has not demonstrated that reasonable jurists would debate the correctness of the district court's dismissal of his § 2241 application. We therefore deny a COA and dismiss this matter. We deny Mr. Griffith's request to proceed *in forma pauperis* as moot because he has paid his filing and docketing fees in full.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

---

[3] Mr. Griffith's other arguments are also unavailing. First, he contends the Oklahoma Department of Corrections lacks jurisdiction to decide whether the "85% Law" should apply to his convictions. This argument does not cure the untimeliness of his § 2241 application, and is otherwise not appropriate for § 2241 review because it does not allege a federal constitutional violation. *See* 28 U.S.C. § 2241(c)(3); *Jurado-Gutierrez v. Greene*, 190 F.3d 1135, 1142 (10th Cir. 1999).

Mr. Griffith also argues "miscarriage of justice." Aplt. Br. at 9. In *Lopez v. Trani*, 628 F.3d 1228 (10th Cir. 2010), we held that "in the equitable tolling context" a miscarriage of justice argument must be based on a showing of "actual innocence," which can overcome lack of diligence in pursuing the actual innocence claim. *Id.* at 1230-31. But Mr. Griffith does not contend actual innocence as the basis for his miscarriage argument.