FILED
United States Court of Appeals
Tenth Circuit

November 1, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JASON BROOKS,

     Petitioner - Appellant,

v.

MATTHEW HANSON, Warden, Sterling
Correctional Facility; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

     Respondents - Appellees.

No. 18-1356
(D.C. No. 1:18-CV-01940-LTB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Jason Brooks, a Colorado state prisoner appearing pro se, seeks a certificate of

appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 habeas

application. We deny a COA and dismiss this matter.

In 2010, Brooks pled guilty to four counts of securities fraud. He was sentenced

to 32 years' imprisonment and ordered to pay approximately $5 million in restitution. In

July 2015, after unsuccessfully pursuing an initial habeas action on grounds not pertinent

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

here, Brooks received a notice from a state court clerk informing him that his restitution order was subject to a monthly interest charge under Colo. Rev. Stat. § 18-1.3-603(4). As a result, Brooks filed a state post-conviction motion in which he raised claims of ineffective assistance of counsel and breach of his plea agreement. Both claims rested on the failure to tell him about the interest charge prior to his guilty plea. The trial court denied relief because it determined that his claims were untimely and procedurally barred. Brooks bypassed further direct review in the state courts, and instead asked this court to authorize the filing of a second or successive habeas petition. Although this court denied authorization, we noted that if Brooks's claims were based on events occurring after his first petition was denied, his petition would not be second or successive.

Brooks returned to state court and filed another motion for post-conviction relief. This time, he claimed that the interest charge made his sentence illegal. The trial court denied the motion because Brooks failed to raise any new issues. Brooks appealed to the Colorado Court of Appeals.

But before Brooks's appeal was decided, he filed a second habeas action in which he argued that the state violated his due process rights when it added interest to the restitution and thereby breached the plea agreement. The district court concluded that Brooks's application was not second or successive because it arose after his first habeas action had concluded. Nonetheless, the court dismissed the claim because it had been defaulted in state court on an independent and adequate state procedural ground and was procedurally barred. *See Brooks v. Archuleta*, No. 16-cv-00895-GPG, 2016 WL

2

8914532, at *3 (D. Colo. July 26, 2016). This court denied Brooks's request for a COA and dismissed his appeal.

Since then, Brooks has filed numerous motions in district court under Rule 60(b) of the Federal Rules of Civil Procedure related to the interest charge under the Colorado statute. Each motion was construed as second or successive and dismissed for lack of jurisdiction. And just as many times, this court has denied Brooks's requests for a COA and dismissed his appeals. Brooks has also filed several unsuccessful motions for authorization in this court concerning the interest charge.

Most recently, Brooks filed a third habeas action in district court in which he again raised an alleged due process violation arising from a breach of the plea agreement. The court concluded that its previous order in *Brooks*, which denied the application because the claim had been defaulted in state court on an independent and adequate state procedural ground, was a disposition on the merits. Therefore, the court dismissed the third application as second or successive, filed without authorization from this court. Brooks seeks a COA to appeal from the court's order.

To appeal, Brooks must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A). Where, as here, a district court has dismissed a filing on procedural grounds, for a COA to issue, the movant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We bypass the constitutional question because we can easily dispose of this matter based on the procedural one. *See id*. at 485.

3

The district court properly characterized Brooks's § 2254 motion as second or successive. His previous motion was dismissed due to state procedural default. Because that disposition was on the merits, the current application is successive. *See Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005); *Carter v. United States*, 150 F.3d 202, 205-06 (2d Cir. 1998) (per curiam); *see also Parkhurst v. Wilson*, 525 F. App'x 736, 737 (10th Cir. 2013); *Hill v. Daniels*, 504 F. App'x 683, 688 (10th Cir. 2012); *Schwartz v. Neal*, 228 F. App'x 814, 816 (10th Cir. 2007) (per curiam); *cf. Hawkins v. Evans*, 64 F.3d 543, 547 (10th Cir. 1995) (concluding that dismissal based on procedural default was on the merits under pre-AEDPA successive petition doctrine). Absent prior authorization from this court, the district court lacked jurisdiction to hear Brooks's current application. 28 U.S.C. § 2244(b)(3).

No reasonable jurist could debate the district court's dismissal on procedural grounds. Therefore, we deny Brooks's application for a COA and dismiss his appeal. Brooks's request to proceed in forma pauperis is denied and we remind him of his responsibility to immediately pay the unpaid balance of the appellate filing fee.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

4