**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**August 17, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

FRANKIE DEAN WINTERHALTER,

    Petitioner - Appellant,

v.

SCOTT NUNN,

    Respondent - Appellee.

No. 22-6054
(D.C. No. 5:21-CV-01193-F)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Frankie Winterhalter seeks a certificate of appealability (COA) to appeal the

dismissal by the United States District Court for the Western District of Oklahoma of his

application for relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a

COA to appeal denial of a § 2254 motion). Because the court correctly found the

application untimely, we deny a COA and dismiss the appeal.

In 2011 Mr. Winterhalter was convicted in Oklahoma of using a vehicle in the

discharge of a weapon and second-degree burglary. His convictions were affirmed by the

Oklahoma Court of Criminal Appeals (OCCA) in 2012.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2021 Mr. Winterhalter filed his § 2254 application in federal district court. His only argument is based on *McGirt v. Oklahoma*, 140 S. Ct. 2452, 2459–60 (2020), in which the Supreme Court held that the Creek Reservation had never been disestablished and that its lands remained Indian country for purposes of the Major Crimes Act, 18 U.S.C. § 1153, which provides for exclusive federal jurisdiction over certain serious offenses committed by Indians in Indian country. Alleging that he is an Indian (a member of the Otoe-Missouria Nation) who committed his crimes in Indian country (the Cherokee Reservation), Mr. Winterhalter argues that the Oklahoma state courts lacked jurisdiction over his offenses. The magistrate judge recommended dismissing the § 2254 application as untimely. The district court overruled Mr. Winterhalter's objections to the magistrate judge's report and recommendation, adopted it, dismissed the application, and denied a COA.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that

2

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four possible starting points, but only one was invoked by the district court and Mr. Winterhalter does not challenge that choice: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). In this context, "a judgment becomes final when the defendant has exhausted all direct appeals in state court and the time to petition for a writ of certiorari from the United States Supreme Court has expired (which is 90 days after the decision by the State's highest court)." *Woodward v. Cline*, 693 F.3d 1289, 1292 (10th Cir. 2012).

Because Mr. Winterhalter did not petition for a writ of certiorari from the Supreme Court, his convictions became final on January 24, 2013, ninety days after affirmance by the OCCA on October 26, 2012. He had one year from that date to file his § 2254 application. Instead, he waited several years and did not file his application until December 22, 2021, far after the deadline. He raises three arguments against the time bar to his § 2254 application.

3

First, Mr. Winterhalter argues that the limitations period should be equitably tolled. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Mr. Winterhalter is not entitled to equitable tolling because no extraordinary circumstance prevented him from filing on time. He invokes the "general misunderstanding between federal authorities and state authorities as to whether any reservations continued to exist in Oklahoma," which "was not cleared up until" *McGirt*. Aplt. Br. at 5. But equity does not relieve a habeas applicant from a time bar simply because he was one of many who had not thought to raise a legal argument earlier. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." (internal quotation marks omitted)); *Head v. Wilson*, 792 F.3d 102, 111 (D.C. Cir. 2015) (rejecting applicant's argument that equitable tolling was available for time until unfavorable precedent was superseded by favorable decision); *see also Griffith v. Bryant*, 625 F. App'x 914, 916–17 (10th Cir. 2015) (that applicant "did not know until a fellow inmate told him in 2013" about a potential legal claim was not extraordinary circumstance warranting equitable tolling); *Parkhurst v. Wilson*, 525 F. App'x 736, 738 (10th Cir. 2013) (applicant's "recent discovery of a relevant legal defense" was not extraordinary circumstance warranting equitable tolling).

In discussing equitable tolling Mr. Winterhalter also references the fundamental-miscarriage-of-justice exception. While it is true that courts have "equitable authority to

4

invoke the miscarriage of justice exception to overcome expiration of the statute of limitations governing a first federal habeas petition," *McQuiggin v. Perkins*, 569 U.S. 383, 397 (2013), the Supreme Court has "explicitly tied the miscarriage of justice exception to the petitioner's innocence," *Schlup v. Delo*, 513 U.S. 298, 321 (1995). Mr. Winterhalter has not even alleged innocence, so he does not qualify for the exception.

Second, Mr. Winterhalter asserts that a criminal judgment entered by a court without jurisdiction cannot become "final" under 28 U.S.C. § 2244(d)(1)(A). But, as already noted, when a judgment becomes final depends only on when certain procedures have been completed.

Third, Mr. Winterhalter contends that AEDPA's statute of limitations is unconstitutional as applied to his jurisdictional claim on three grounds: (a) it "violates the exclusive and plenary power of Congress to confer jurisdiction on a sovereign with respect to crimes committed by or against Indians or in Indian country," Aplt. Br. at 3, (b) it violates the Supremacy Clause of the United States Constitution, and (c) it violates the Constitution's Suspension Clause, *see* U.S. Const. art. I, § 9, cl. 2, which prohibits suspension of the writ of habeas corpus unless necessary in cases of rebellion or invasion. These arguments are nonstarters. AEDPA is itself an act of Congress; applying an act of Congress can hardly encroach on its own powers. And applying AEDPA here could not violate the Supremacy Clause, as acts of Congress like AEDPA are "the supreme Law of the Land." U.S. Const. art. VI, cl. 2. The Suspension Clause claim is also meritless. "Whether the one-year limitation period violates the Suspension Clause depends on whether the limitation period renders the habeas remedy 'inadequate or ineffective' to

5

test the legality of detention." *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998). But Mr. Winterhalter has not shown that the statute of limitations has rendered the habeas remedy inadequate or ineffective in his circumstances. *See id.* at 978 (AEDPA's limitations period did not render habeas remedy inadequate or ineffective in barring claim by applicant who did not demonstrate actual innocence, incompetence, or entitlement to equitable tolling); *Fisher v. Gibson*, 262 F.3d 1135, 1145 (10th Cir. 2001) (similar).

Reasonable jurists could not debate the district court's ruling that Mr. Winterhalter's § 2254 application was time-barred. We **GRANT** the motion for leave to proceed *in forma pauperis*, **DENY** a COA, and **DISMISS** the appeal.

Entered for the Court

Harris L Hartz
Circuit Judge

6