**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

LARRY DOAK,

    Petitioner - Appellant,

v.

SCOTT NUNN,

    Respondent - Appellee.

No. 22-6066
(D.C. No. 5:21-CV-01032-D)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Larry Doak seeks a certificate of appealability (COA) to appeal the dismissal by

the United States District Court for the Western District of Oklahoma of his application

for relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to

appeal denial of a § 2254 motion). Because the court correctly found the application

untimely, we deny a COA and dismiss the appeal.

In 1998 Mr. Doak was convicted in Oklahoma of assault with intent to kill,

robbery with a dangerous weapon, and possession of a firearm after a prior felony

conviction. The Oklahoma Court of Criminal Appeals (OCCA) affirmed his convictions

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

in 1999. In 2000 Mr. Doak sought postconviction relief in state court, his application was denied in early 2001, and the OCCA declined jurisdiction later that year. Almost 20 years later, in August 2020, Mr. Doak again sought postconviction relief in state court, but relief was again denied and the OCCA affirmed in October 2021.

On October 21, 2021, Mr. Doak filed his § 2254 application in federal district court. His only argument is based on *McGirt v. Oklahoma*, 140 S. Ct. 2452, 2459–60 (2020), in which the Supreme Court held that the Creek Reservation had never been disestablished and that its lands remained Indian country for purposes of the Major Crimes Act, 18 U.S.C. § 1153, which provides for exclusive federal jurisdiction over certain serious offenses committed by Indians in Indian country. Alleging that he is an Indian (a member of the Cherokee Nation) who committed his crimes in Indian country (the Cherokee Reservation), Mr. Doak argues that the Oklahoma state courts lacked jurisdiction over his offenses. The government moved to dismiss the application as untimely, and the magistrate judge recommended granting the motion. The district court overruled Mr. Doak's objections to the magistrate judge's report and recommendation, adopted it, dismissed the application, and denied a COA.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other

2

words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four possible starting points, but in this court Mr. Doak addresses only one: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). In this context, "a judgment becomes final when the defendant has exhausted all direct appeals in state court and the time to petition for a writ of certiorari from the United States Supreme Court has expired (which is 90 days after the decision by the State's highest court)." *Woodward v. Cline*, 693 F.3d 1289, 1292 (10th Cir. 2012). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

3

pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Mr. Doak's convictions were affirmed by the OCCA on September 10, 1999. After accounting for tolling under 28 U.S.C. § 2244(d)(2) for the months during which Mr. Doak's initial application for state postconviction relief was pending, the magistrate judge determined that the deadline to file his § 2254 application was June 13, 2001. Mr. Doak does not challenge the magistrate judge's calculations. Nor does he dispute that he filed his § 2254 application on October 21, 2021, long after the calculated deadline. But he raises three arguments against the time bar to his § 2254 application.

First, Mr. Doak contends that AEDPA's statute of limitations is unconstitutional as applied to his jurisdictional claim. But this argument has not been preserved for our review because it was never raised in district court. *See Owens v. Trammell*, 792 F.3d 1234, 1246 (10th Cir. 2015) ("Because the argument was not raised in his habeas petition, it is waived on appeal.").

Second, Mr. Doak asserts that a criminal judgment entered by a court without jurisdiction cannot become "final" under 28 U.S.C. § 2244(d)(1)(A). But, as already noted, when a judgment becomes final depends only on when certain procedures have been completed.

Third, Mr. Doak argues that the limitations period should be equitably tolled. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation

marks omitted). Mr. Doak is not entitled to equitable tolling because no extraordinary circumstance prevented him from filing on time. He invokes the "general misunderstanding between federal authorities and state authorities as to whether any reservations continued to exist in Oklahoma," which "was not cleared up until" *McGirt*. But equity does not relieve a habeas applicant from a time bar simply because he was one of many who had not thought to raise a legal argument earlier. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." (internal quotation marks omitted)); *Head v. Wilson*, 792 F.3d 102, 111 (D.C. Cir. 2015) (rejecting applicant's argument that equitable tolling was available for time until unfavorable precedent was superseded by favorable decision); *see also Griffith v. Bryant*, 625 F. App'x 914, 916–17 (10th Cir. 2015) (that applicant "did not know until a fellow inmate told him in 2013" about a potential legal claim was not extraordinary circumstance warranting equitable tolling); *Parkhurst v. Wilson*, 525 F. App'x 736, 738 (10th Cir. 2013) (applicant's "recent discovery of a relevant legal defense" was not extraordinary circumstance warranting equitable tolling).

In discussing equitable tolling Mr. Doak also references the fundamental-miscarriage-of-justice exception. While it is true that courts have "equitable authority to invoke the miscarriage of justice exception to overcome expiration of the statute of limitations governing a first federal habeas petition," *McQuiggin v. Perkins*, 569 U.S. 383, 397 (2013), the Supreme Court has "explicitly tied the miscarriage of justice

exception to the petitioner's innocence," *Schlup v. Delo*, 513 U.S. 298, 321 (1995). Mr.

Doak has not even alleged innocence, so he does not qualify for the exception.

Reasonable jurists could not debate the district court's ruling that Mr. Doak's

§ 2254 application was time-barred. We **DENY** a COA and **DISMISS** the appeal. Mr.

Doak has paid the filing fee, so we **DENY** as moot his motion for leave to proceed *in*

*forma pauperis*.


Entered for the Court


Harris L Hartz
Circuit Judge